IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY DAVIS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1467-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Anthony Davis, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner challenges a Texas parole board decision denying him early release to mandatory supervision. In multiple grounds for relief, petitioner generally criticizes the decisionmaking process and certain evidence relied on by the parole board.[1] October 2, 2006, the court sent written interrogatories to petitioner in order to determine whether these claims were raised in state court. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Petitioner answered the interrogatories on October 6, 2006. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

---

[1] Petitioner also complains that the trial court never received a victim impact statement. This claim relates to petitioner's 1999 conviction for aggravated assault and is barred by the AEDPA statute of limitations. *See Davis v. Cockrell*, No. 3-01-CV-1946-D, 2002 WL 226367 at *2 (N.D. Tex. Feb. 12, 2002) (dismissing prior federal writ filed by petitioner challenging same conviction).

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner has not challenged the parole board's decision in a state writ of habeas corpus or any other proceeding before the Texas Court of Criminal Appeals. (Interrog. #1). Consequently, he has not properly exhausted his state remedies. *See Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (claim challenging denial of parole requires exhaustion of state remedies); *Eiland v. Cockrell*, No. 3-03-CV-0027-P, 2003 WL 21350136 at *1 (N.D. Tex. Jun. 5, 2003) (same); *Martinez v. Cockrell*, No. 3-03-CV-0258-K, 2003 WL 21488452 at *1 (N.D. Tex. Apr. 23, 2003) (same).[2]

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] Although certain types of parole decisions are not subject to state judicial review, *see Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000), the court construes the claims made by petitioner to be constitutional in nature. Otherwise, petitioner cannot seek federal habeas relief.

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   October 19, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE